[No. 34849.   Department One.   November 27, 1959.]

SHANNON HOGUE *et al., Appellants,* v. THE PORT OF SEATTLE *et al., Respondents.*[1]

*Dore, Cummings, Dubuar & Dore,* for appellants.

*Bogle, Bogle & Gates, Edward G. Dobrin, Robert W. Graham,* and *George N. Prince,* for respondent Port of Seattle.

*Charles O. Carroll* and *C. R. Lonergan, Jr.,* for respondents Stacy, Morris, and Tremper.

*The Attorney General* and *Robert F. Hauth, Assistant,* for respondent O'Connell.

*John H. Binns, amicus curiae.*

PER CURIAM.—Plaintiff taxpayers, challenging the constitutionality of Laws of 1957, chapter 265, commenced this action for a declaratory judgment and injunctive relief against (a) the Port of Seattle, (b) the assessor, auditor, and treasurer of King county, who were concerned with the enforcement of the statutes involved, and (c) the attorney general of the state of Washington.

The trial court entered judgment for defendants. On appeal, the judgment of the trial court was reversed. The county officials were permanently enjoined from performing any official act under the purported authority of Laws of 1957, chapter 265, relating to the levy of a two-mill tax

[1] Reported in 346 P. (2d) 691.

on the real and personal property situated within the corporate limits of the Port of Seattle. *Hogue v. Port of Seattle,* 54 Wn. (2d) 799, 341 P. (2d) 171 (1959).

The King county officials and the attorney general of the state of Washington have filed exceptions to the taxation of costs against them. Rule on Appeal 55(2), (3), RCW Vol. 0.

We find these exceptions to be well taken. The county officers were merely nominal parties; they did not participate in either the trial or the appeal. Since the action involved the constitutionality of a statute, it was necessary that the attorney general " . . . be served with a copy of the proceeding . . . " RCW 7.24.110. On appeal, the attorney general concurred in the brief filed by respondent Port of Seattle.

RCW 7.24.100 provides that in proceedings under the declaratory judgment act " . . . the court may make such award of costs as may seem equitable and just."

██ In these circumstances, we deem it equitable and just that no costs be taxed in this court against the assessor, auditor, and treasurer of King county, or the attorney general of the state of Washington.

It is so ordered.